IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JOSE A. REYES CAÑADA, et. al.

    Plaintiffs

        v.

CESAR REY HERNANDEZ, et. al.

    Defendants

CIVIL NO.  01-1542 (JAG/GAG)

### ORDER

    The Court has carefully reconsidered the matter of whether to permit plaintiffs to use for impeachment purposes evidence of (i) other DOE drivers/personnel carrying out similar duties at the 12th floor after 2001 until 2004, and (ii) payment of overtime to these drivers. Accordingly, it hereby VACATES IN PART its earlier ruling (see Docket No. 740) precluding said use, and, in turn, will allow use of the same as discussed below.

    As a threshold matter, the Court rules that Klonoski v. Mahlab, 156 F. 3d 255, 269-271 (1st Cir. 1998), is inapplicable to the situation at hand. In said case, the Court held that plaintiff was entitled to a new trial where defendant impeached him with evidence that should have been provided during discovery. The Court further reasoned that because the undisclosed evidence had both substantive and impeachment value, defendant could not obviate its discovery duties and then use the evidence solely for impeachment purposes. A key factor in Klonoski was the fact that the evidence presented by defendant was never in the plaintiff's possession.

    In the case at bar, the evidence of other DOE drivers/personnel performing similar duties to plaintiffs in the 12th floor and collecting overtime was never in the possession of plaintiffs, who are the ones intending to use such evidence for impeachment purposes. More so, the evidence was at all times under the control of the DOE, at a time when Dr. Rey and Dr. Pillich held the positions of Secretary and Deputy Secretary of Human Resources, respectively. Under this scenario, Klonoski is inapplicable.

**Civil 01-1542 (JAG/GAG)**                                             2

Here, contrary to Klonoski, the impeachment evidence should come as no surprise to defendants, particularly Rey and Pillich. See, e.g., Lucas v. Shelby, 246 F. Supp. 2d 516, 521-524 (N.D. Miss. 2002) (distinguishing Klonoski since party against whom impeachment evidence was offered had prepared the same). More so, defendant Pillich herself approved the overtime pay. Id. at 524 (holding that party cannot claim she was unaware of document written by her).

Defendants request the "suppression" of the aforestated impeachment evidence on the basis that the same was obtained pursuant to an illegal subpoena to the DOE's custodian of said documents. Said subpoena was quashed by the Court, as defendants were not notified of the same (see Docket No. 740). Defendants rely on Perkins v. Gregg County, 1996 WL 61769 (E.D. Tex.) for the proposition that fruits of quashed subpoenas must be suppressed. In said case, the subpoenas at issue were served on non-party entities. Thus, the affected party did not have adequate opportunity to inspect the evidence obtained after the subpoenas were quashed. Here, contrariwise, the evidence obtained via subpoena was, as stated earlier, in the possession of Rey and Pillich, and further, approved by Pillich during her tenure as Deputy Secretary. In this respect, the Court finds that Lucas v. Shelby, supra, rather than Perkins v. Gregg County, supra, is on point.

Wherefore, the Court will allow use of the evidence at issue as follows:

1. The evidence may only be used for impeachment purposes against defendants Rey and Pillich.

2. The documentary evidence will not be marked as an exhibit, and in event will it be published to the jury.

3. Plaintiffs shall not make any reference to the fact that said evidence was not produced during discovery, nor presented during the first trial. The Court has already ruled that the evidence did not have to be produced in discovery as it was not properly request (see Docket No. 740).

4. Plaintiffs shall only be allowed during cross-examination of defendants to inquire as to the following areas: (i) names of individuals (non-trust employees) performing driving duties in the 12th floor from 2001-2004; (ii) the fact that they worked overtime; (iii) the fact that they were compensated for their overtime; (iv) the amounts of overtime paid to these persons; and (v) that Dr. Pillich approved their overtime payment.

5. Plaintiffs and defendants' counsel, from November 2 - 4, 2005, shall be allowed to examine the "12th floor drivers" personnel files, which are under the Court's custody.

6. During trial, defendants will be allowed to examine these drivers' personnel files, prior to being inquired as to the matter during cross-examination.


**Civil 01-1542 (JAG/GAG)**                3

**SO ORDERED.**

In San Juan, Puerto Rico this 2nd day of November, 2005.

*S/ Gustavo A. Gelpi*
GUSTAVO A. GELPI
United States Magistrate-Judge